UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:09-CR-00021-BR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LAMONT DELMAR PARKER, | ) | |
| Defendant | ) | |

This matter is before the court on defendant's 20 September 2010 motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), a supplement thereto, and a number of letters from defendant referencing the appointment of counsel, the "new crack law," and Amendment 706 to the U.S. Sentencing Guidelines.

Section 3582(c)(2) permits a court to modify an imposed term of imprisonment when the Sentencing Commission has subsequently lowered the defendant's applicable guideline range "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10 is the relevant policy statement providing guidance to the court when considering a motion under 18 U.S.C. § 3582(c)(2). Under this policy statement, a reduction is not authorized if the amendment "does not have the effect of lowering the defendant's applicable range" due to "the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10(a)(2)(B) & cmt. n.1(A)(ii).

Here, defendant apparently contends that he is entitled to a sentence reduction based on the recent guideline amendment relating to the offense level for crack cocaine offenses, Amendment 706. Defendant was convicted of possession with intent to distribute more than five

Case 5:09-cr-00021-BR   Document 68   Filed 04/11/11   Page 1 of 3

grams of crack cocaine and a quantity of 3,4 Methylenedioxymethamphetamine (ecstasy).  Even so, defendant's base offense level was determined by reference to U.S.S.G. § 4B1.1, which pertains to career offenders.  The court did not rely on the guideline for determining the offense level applicable to possession with intent to distribute a controlled substance, U.S.S.G. § 2D1.1, which Amendment 706 affected.  Amendment 706 does not have any effect on the career offender guideline pursuant to which the court determined defendant's offense level, and therefore, does not have the effect of lowering defendant's guideline range.  Under such circumstances, the court cannot reduce defendant's sentence.  See United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010) ("[A] district court lacks the authority to grant a motion for a reduced sentence under Amendment 706 if the defendant seeking the reduction was sentenced pursuant to the Career Offender Provision." (footnote omitted)).

In addition, defendant claims he is entitled to a sentence reduction by virtue of the "new crack ratio of 18:1."  The court presumes defendant refers to the Fair Sentencing Act of 2010 ("FSA"), Pub. L. 111-220.  That Act, enacted 3 August 2010, increased the amounts of crack cocaine necessary to trigger the mandatory minimum sentences under 21 U.S.C. § 841(b).  However, it does not apply retroactively to offenses which occurred prior to its enactment.  See United States v. Diaz, 627 F.3d 930, 931 (2d Cir. 2010); United States v. Reevey, 631 F.3d 110, 114–15 (3d Cir. 2010); United States v. Brewer, 624 F.3d 900, 909 n.7 (8th Cir. 2010); United States v. Bell, 624 F.3d 803, 814 (7th Cir. 2010); United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010); United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010).  Defendant's offense occurred in 2008, and he was sentenced in 2009.  Both dates precede the effective date of the FSA, and therefore, the Act does not apply.

2

Case 5:09-cr-00021-BR   Document 68   Filed 04/11/11   Page 2 of 3

The motion for a sentence reduction is DENIED. To the extent that any of defendant's letters could be deemed a motion, they are DENIED.

This 11 April 2011.

_____
W. Earl Britt
Senior U.S. District Judge