UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:09-CR-00021-BR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LAMONT DELMAR PARKER, | ) | |
| Defendant | ) | |

This matter is before the court on defendant's 2 May 2011 motion for reconsideration of the court's 11 April 2011 order denying his motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2).

Defendant contends that the court erred in its determination that the Fair Sentencing Act of 2010 ("FSA") does not apply retroactively to him. Defendant argues that the FSA should apply to him because his case was pending on direct review when the FSA became effective. This argument is foreclosed by the recent decision of the Fourth Circuit Court of Appeals in United States v. Bullard, ___ F.3d ___, No. 09-5214, 2011 WL 1718894 (4th Cir. May 6, 2011). There, the court addressed whether "the FSA should be interpreted to apply retroactively to cases pending on direct appeal." Id. at *9. The court disagreed with the appellant's argument that Congress intended for the law to apply retroactively: "Congress's desire to have the FSA implemented quickly in no way suggests that it also intended to have the Act apply retroactively to defendants sentenced before it was passed." Id. at *10 (footnote omitted). Joining eight other circuits, the court held that "the FSA contains no express statement of retroactivity, nor can any such intent be inferred from its language." Id. (citations omitted).

Defendant's motion is DENIED.

This 15 June 2011.

                                              W. Earl Britt
                                              Senior U.S. District Judge