UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:09-CR-00021-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LAMONT DELMAR PARKER | ) | |
| | ) | |

This matter is before the court on defendant's amended motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), filed with the assistance of counsel, (DE # 126), and his *pro se* motion to vacate his sentence under 28 U.S.C. § 1291 and Federal Rule of Civil Procedure 59(c) (DE # 130). The government opposes the amended motion for a sentence reduction.[1]

By way of background, in 2009, defendant pled guilty to possession with intent to distribute more than five grams of cocaine base (crack) and a quantity of 3, 4-methylenedioxymethamphetamine (ecstasy) in violation of 21 U.S.C. § 841(a)(1). At sentencing, and without objection from defendant, the court determined that defendant is a career offender under U.S.S.G. § 4B1.1 and sentenced him to 150 months imprisonment. Defendant appealed, and the Fourth Circuit Court of Appeals dismissed the appeal. (DE # 53.) The Supreme Court denied defendant's petition for a writ of certiorari. Parker v. United States, No. 10-7358 (U.S. Dec. 6, 2010).

In 2010, defendant filed *pro se* a motion for a sentence reduction under 18 U.S.C. §

---

[1] In accordance with this district's practice, the Probation Office reviewed the amended motion and submitted to the court a proposed order recommending that the court deny the motion. The government responded to the Probation Office indicating that it agrees with the Probation Office's conclusion. The government did not file a written response to the motion.

3582(c)(2) based on Amendment 706 to the sentencing guidelines (which lowered the base offense levels for crack offenses under U.S.S.G. § 2D1.1) and the Fair Sentencing Act of 2010 ("FSA"). (DE # 57.) Because defendant had been sentenced as a career offender under U.S.S.G. § 4B1.1, rather than under U.S.S.G. § 2D1.1, the court concluded that Amendment 706 does not have the effect of lowering defendant's guideline range, and thus, the court lacks the authority to reduce his sentence. (DE # 68.) Also, because defendant's offense conduct and sentencing occurred prior to the effective date of the FSA, the court concluded that the FSA does not apply. (Id.) Therefore, the court denied the motion for a sentencing reduction. (Id.) Defendant moved for reconsideration of that ruling, which the court denied. (DE ## 70, 71.)

In December 2011, defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, asserting a number of claims, including one for ineffective assistance of counsel based on counsel's failure to object to the application of the career offender guideline at sentencing. (DE # 80.) The court dismissed the majority of defendant's § 2255 claims on initial review of the motion. (DE # 81.) Subsequently, the court dismissed defendant's ineffective assistance of counsel at sentencing claim on the government's motion for summary judgment but granted a certificate of appealability as to that issue. (DE # 118.) Defendant appealed. The Fourth Circuit Court of Appeals affirmed as to the issue of counsel's ineffectiveness for failure to object to the career offender designation and dismissed defendant's appeal as to his other claims. (DE # 123.)

In his amended motion, defendant claims that his sentence should be reduced based on Amendments 750 and 759 to the sentencing guidelines, which further retroactively lowered base offense levels for crack offenses under U.S.S.G. § 2D1.1. Because defendant's career offender status remains and the amended guidelines do not affect that status, the court's analysis of

defendant's 2010 § 3582(c)(2) motion applies equally to his amended motion.  Accordingly, the court still lacks the authority to reduce defendant's sentence.  See United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010) ("[A] district court lacks the authority to grant a motion for a reduced sentence under Amendment 706 if the defendant seeking the reduction was sentenced pursuant to the Career Offender Provision.").  The decision in Freeman v. United States, 131 S. Ct. 2685 (2011), on which defendant relies, does not alter this conclusion.  See United States v. Lawson, 686 F.3d 1317, 1320-21 (11th Cir. 2012) (affirming the district court's denial of a § 3582(c)(2) motion where the defendant's guideline range was determined by the career offender guideline, which Amendment 750 did not lower, and finding that Freeman did not overrule Circuit precedent that a sentence reduction under § 3582(c)(2) is not authorized where the retroactive guideline amendment does not affect the sentencing range), cert. denied, 133 S. Ct. 568 (2012); United States v. Rashaad, No. 3:01cr195, 2012 WL 4758271, at *2 (W.D.N.C. Oct. 5, 2012), aff'd, 512 F. App'x 294 (4th Cir. 2013) ("*Freeman* does not support defendant's argument that he is eligible for a sentence reduction.").

Finally, in his amended motion, defendant argues that he is no longer subject to a statutory mandatory minimum term of imprisonment due to the FSA.  At the time of defendant's sentencing, he was subject to a mandatory minimum term of imprisonment of five years.  21 U.S.C. § 841(b)(1)(B)(iii) (2009).  If he were sentenced under the FSA, defendant would not be subject to any mandatory minimum term.  21 U.S.C. § 841(b)(1)(C).  However, the FSA's mandatory minimum sentences do not apply to defendants sentenced before the FSA's effective date of 3 August 2010.  United States v. Black, 737 F.3d 280, 282 (4th Cir. 2013).  As noted previously, defendant was sentenced in 2009, and thus, the FSA does not apply.  Furthermore,

3

Case 5:09-cr-00021-BR   Document 131   Filed 02/14/14   Page 3 of 5

even if it did, the pre-FSA mandatory minimum term of imprisonment of five years had no impact on defendant's guideline imprisonment range. Therefore, the removal of that mandatory minimum term by virtue of the FSA does not lower defendant's guideline imprisonment range. Defendant is not eligible for relief under 18 U.S.C. § 3582(c)(2).

Turning to his *pro se* motion, defendant contends that he should be resentenced pursuant to the recent decision in United States v. Davis, 720 F.3d 215 (4th Cir. 2013), in which the Court of Appeals held "that a consolidated sentence under North Carolina law is a single sentence for purposes of the career offender enhancement," id. at 216.[2] Such a challenge to defendant's sentence must be brought, if at all, by way of a habeas corpus motion pursuant to 28 U.S.C. § 2255. However, the court notes that because defendant has previously filed a § 2255 motion, before filing another such motion, he must first obtain authorization from the Fourth Circuit Court of Appeals. See 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Defendant has not obtained such authorization. Therefore, the court cannot consider the merits of the merits of the motion to vacate at this time.

For the foregoing reasons, defendant's amended motion for a sentence reduction is DENIED, and defendant's motion to vacate is DISMISSED WITHOUT PREJUDICE. To the extent defendant's letter dated 13 November 2013 (DE # 128), which makes further argument in support of a sentence reduction, could be deemed a motion, it is DENIED. The Clerk is DIRECTED to terminate defendant's *pro se* motion for a sentence reduction (DE # 74) because the amended motion supplants it.

---

[2]Counsel represents defendant for the limited purpose of a sentence reduction based on Amendments 750 and 759 to the sentencing guidelines. See Standing Order No. 11-SO-01 (E.D.N.C.). Because counsel's representation is so limited, the court will consider defendant's motion to vacate even though it was not filed with the assistance of counsel.

4

The 14 February 2014.

                                                    W. Earl Britt
                                                    Senior U.S. District Judge