UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:09-CR-21-BR
NO: 5:16-CV-477-BR

LAMONT PARKER,

    Petitioner,

v.                                      ORDER

UNITED STATES OF AMERICA,

    Respondent.

       This matter is before the court on petitioner's *pro se* motion under 28 U.S.C. § 2255 and related filings.

       By way of background, in 2009, pursuant to a plea agreement, petitioner pled guilty to one count of possession with the intent to distribute more than five grams of cocaine base (crack) and a quantity of 3, 4-methylenedioxymethamohetamine (ecstasy), in violation of 21 U.S.C. § 841(a)(1). The court deemed petitioner a career offender under the sentencing guidelines and sentenced him to a 150-month term of imprisonment. Petitioner's appeal was dismissed, (DE # 53), and his petition for a writ of certiorari was denied, Parker v. United States, No. 10-7358 (U.S. Dec. 6, 2010).

       In 2011, petitioner filed *pro se* his first § 2255 motion. (DE # 80.) Petitioner claimed (1) ineffective assistance of counsel, (2) breach of contract, (3) violation of Federal Rule of Criminal Procedure 11 inasmuch as he did not fully understand the waiver of the right to appeal in his plea agreement, and (4) his sentence as a career offender violated the Ex Post Facto Clause. On initial review, the court dismissed claims (2), (3), and (4) in their entirety and allowed the

ineffective assistance of counsel claim to proceed to the extent that petitioner claimed counsel was ineffective for failing to contest the career offender enhancement. (DE # 81.) On the government's motion, the court granted summary judgment for the government on this remaining claim and issued a certificate of appealability "as to whether petitioner is entitled to habeas corpus relief on the ground that counsel was ineffective by failing to object to the career offender enhancement." (DE # 118.) The Fourth Circuit Court of Appeals affirmed this court's rejection of the ineffective assistance of counsel claim based on the failure to object to the career offender enhancement and dismissed the appeal as to petitioner's other claims. (DE # 123.)

In early 2016, based on the standing order of this court, the Federal Public Defender was appointed to represent petitioner. (DE # 147.) In June 2016, the Court of Appeals granted petitioner's consolidated motions[1] to file a second or successive § 2255 motion based on Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II"). (DE # 151.) Shortly thereafter, the Federal Public Defender on behalf of petitioner filed a § 2255 motion. (DE # 152.) On the government's unopposed motion, this court stayed the matter pending the decision in Beckles v. United States, 137 S. Ct. 886 (2017). (DE # 157.)

In March 2017, in light of the decision in Beckles, the Federal Public Defender moved to withdraw as counsel for petitioner. (DE # 160.) Petitioner decided to proceed *pro se* and filed a motion to "supplement." In that motion, petitioner requests that the "brief" filed by the Federal Public Defender be withdrawn and that *pro se* briefing proceed. (DE # 159.) Petitioner also claims he is entitled to relief based on Mathis v. United States, 136 S. Ct. 2243 (2016). (Id.)

---

[1] Petitioner filed *pro se* a motion for authorization to file a successive § 2255 motion. Then, the Federal Public Defender filed on behalf of petitioner a similar motion. The Court of Appeals consolidated the motions and granted both motions. (DE ## 151, 166.)

In April 2017, the court lifted the stay, granted the Federal Public Defender's motion to withdraw as counsel, and directed the government to file an answer or other response to petitioner's § 2255 motion (filed by the Federal Public Defender) and a response to the motion to supplement. (DE # 161.) The government filed a motion to dismiss petitioner's motions. (DE # 162.) Petitioner filed a "reply" to the government's motion to dismiss, (DE # 164), and a motion for an extension of time to file a copy of his *pro se* § 2255 motion, (DE # 165). Most recently, the court received for filing from the Court of Appeals petitioner's second *pro se* § 2255 motion, which as previously noted, that court granted authorization to file. (DE # 166.) This court has filed that motion, (DE # 167), and therefore, petitioner's motion for an extension of time to file a copy of it is DENIED as moot.

Because petitioner wishes to proceed *pro se*, the § 2255 motion filed with the assistance of counsel, (DE # 152), is deemed WITHDRAWN, and the government's motion to dismiss that § 2255 motion is DENIED as moot. The court will proceed to consider petitioner's second *pro se* § 2255 motion and his motion to supplement.

As for petitioner's second *pro se* § 2255 motion, the court must first examine whether the claims in that motion satisfy the standard for a successive claim under § 2255(h), see United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003) (recognizing that once an authorized, successive collateral review application is "submitted to the district court, that court must examine each claim and dismiss those that are barred under § 2244(b) or § 2255[h]." (citing 28 U.S.C.A. § 2244(b)(4); Reyes–Requena v. United States, 243 F.3d 893, 899 (5th Cir. 2001))). Under the relevant portion of this section, a claim that does not rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was

previously unavailable," must be dismissed. 28 U.S.C. § 2255(h)(2); see also id. § 2244(b)(2)(A). Otherwise, the court considers the merits of the claim.

Petitioner's first claim challenges the enhancement of his sentence based on the career offender sentencing guideline, U.S.S.G. § 4B1.1. A defendant is a career offender

> if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a) (2016). At the time the court sentenced petitioner, a "crime of violence" for purposes of the career offender guideline was defined as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Id. § 4B1.2(a) (2008). The first clause of this definition is known as the "force" clause, and the last clause is known as the "residual" clause. United States v. Shell, 789 F.3d 335, 341 (4th Cir. 2015).

As the court recognized in considering petitioner's first *pro se* § 2255 motion, petitioner was deemed a career offender based on his prior convictions for possession with intent to sell and deliver marijuana/possession with intent to sell and deliver cocaine in violation of N.C. Gen. Stat. §§ 90-95(a)(1) and for indecent liberties with a child in violation of N.C. Gen. Stat. § 14-202.1. (1/3/12 Order, DE # 81, at 4, 5; 4/26/13 Order, DE # 118, at 1.) The former conviction qualified as a "controlled substance offense" under U.S.S.G. § 4B1.1(a). (1/3/12 Order, DE # 81, at 4-5.) The latter conviction qualified as a "crime of violence" because it fell within the

4

"residual" clause as an offense presenting a serious risk of physical injury. (See 4/26/13 Order, DE # 118, at 9.) See also United States v. Pierce, 278 F.3d 282, 289 (4th Cir. 2002) ("[B]ecause the North Carolina indecent liberties statute[, N.C. Gen. Stat. § 14-202.1,] protects against the risk of physical injury and its violation therefore presents a serious risk of physical injury, such a violation categorically is a crime of violence.").

Petitioner claims that his indecent liberties conviction is not a violent felony under North Carolina law, and "[p]ursuant to the Johnson decision, [his] prior convictions must be excluded and he should be remanded for correction of sentence without career offender enhancement." (Mot., DE # 167, at 5.) Petitioner is correct that pursuant to N.C. Gen. Stat. § 14-7.7, the offense of indecent liberties with a child, a Class F felony, (4/26/13 Order, DE # 118, at 12), is not a "violent felony"—at least for purposes of North Carolina's violent habitual felon law. However, the fact that petitioner's prior conviction may not be a violent felony under state law has no bearing on whether that conviction is a "crime of violence" under federal law. See Shell, 789 F.3d at 341 n.3 (recognizing that "the meaning of 'physical force' under § 4B1.2(a)(1) is a question of federal law, not state law, and in answering that question, we 'are not bound by a state court's interpretation of a similar—or even identical—state statute'" (quoting Johnson v. United States, 559 U.S. 133 (2010) ("Johnson I")).

Turning to the federal law on which petitioner relies, in Johnson II, the Court held that the "residual" clause in the violent felony definition of the Armed Career Criminal Act ("ACCA"), which is nearly identical to the "residual" clause in U.S.S.G. § 4B1.2(a)(2), was unconstitutionally vague. United States v. Lee, 855 F.3d 244, 246 (4th Cir. 2017). This holding is a new rule of constitutional law the Court made retroactive to cases on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016). However, based on the decision in

5

Beckles, "[Johnson II's] vagueness holding does not apply to the residual clause in § 4B1.2(a)(2)." Lee, 855 F.3d at 247 (citing Beckles, 137 S. Ct. at 892). Therefore, petitioner is not entitled to relief on his first claim.[2]

Petitioner's second claim challenges the enforceability of the appellate waiver contained in his plea agreement. According to petitioner, the National Bar Association and courts have concluded such waivers violate ethics rules and should not be enforced. On petitioner's first *pro se* § 2255 motion, the court considered the waiver and found it to be valid and enforceable. (1/3/12 Order, DE # 81, at 2-3.) More importantly, this claim does not rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2255(h)(2). Therefore, the court must dismiss this claim.

Petitioner's third and final claim in his *pro se* motion asserts an ineffective assistance of counsel claim based on counsel's failure to challenge the career offender enhancement at sentencing. Petitioner's support for this claim rests on the same arguments as his first claim. Petitioner is not entitled to relief on this claim for the same reasons he is not entitled to relief on his first claim.

In his motion to supplement, petitioner appears to seek to raise a claim challenging his career offender enhancement based on the Supreme Court's decision in Mathis. "While the Fourth Circuit has held that petitioners can amend an authorized § 2255 motion to bring additional claims beyond the claim that generated that authorization, the addition of those claims must satisfy Rule 15(a) and then § 2255(h)." United States v. Rogers, Criminal No. WMN-09-467, Civil Action No. WMN-16-2461, 2017 WL 1497833, at *2 (D. Md. Apr. 24, 2017) (citing

---

[2] Even if petitioner may be relying on Johnson I, to challenge the classification of his indecent liberties conviction as a "crime of violence" under the "force" clause, he remains a career offender based on that conviction being a "crime of violence" under the "residual" clause.

6

United States v. MacDonald, 641 F.3d 596, 615-16 (4th Cir. 2011)). Assuming petitioner satisfies the timeliness requirement of Rule 15, the claim still does not satisfy § 2255(h) as Mathis does not set forth a new rule of constitutional law the Supreme Court made retroactive to cases on collateral review. Holt v. United States, 843 F.3d 720, 722 (7th Cir. 2016); In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam). Accordingly, the court will deny petitioner's motion to supplement.

Petitioner's second *pro se* § 2255 motion is DISMISSED, and his motion to supplement is DENIED. The court finds that petitioner has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate of appealability is DENIED. The Clerk is DIRECTED to send petitioner a copy of this order and close this case.

This 13 July 2017.

_____
W. Earl Britt
Senior U.S. District Judge